**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ANGELA BURNS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:20-CV-38-JTM-JEM |
| | ) | |
| ANTRANIK YEGUENIAN, MACK | ) | |
| TRUCKING, INC., and MCKINNEY | ) | |
| VEHICLE SERVICE, INC., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. On February 24, 2020, Defendants filed a Notice of Consolidation [DE 18] indicating that they filed a Motion to Consolidate, requesting consolidation of the above-captioned matter with the cause number 2:19-CV-448-JTM-JEM, *Rodd Summer and Deborah Summer v. Antranik Yeguenian, Mack Trucking, Inc., and McKinney Vehicle Service, Inc*. However, review of both dockets reveals that the allegations are insufficient for demonstrating diversity of citizenship. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On January 27, 2020, Plaintiff filed her Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal.

1

*Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Though the citizenship of the corporate defendants is properly alleged, the Complaint alleges only that Plaintiff Angela Burns was a "resident" of Indiana and that Defendant Antranik Yeguenian was a "resident" of California at the time of the incident that gave rise to the Complaint. These allegations are insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332)..

In addition, Plaintiff is reminded of "the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). In this case, the citizenship of the parties is identified as of the time of the incident that forms the basis of the Complaint, not as of the date that the Complaint was filed. Accordingly, Plaintiff must allege her domicile and that of Antranik Yeguenian as of the date the case was filed in this Court.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **March 9, 2020**, a supplemental jurisdictional statement clarifying the citizenship of Angela Burns and Antranik Yeguenian under 28 U.S.C. § 1332(c)(2) as outlined above.

The Court **REMINDS** Plaintiff that any response to the Notice of Consolidation is to be filed by **March 9, 2020**.

SO ORDERED this 25th day of February, 2020.

                                                      s/ John E. Martin
                                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                                     UNITED STATES DISTRICT COURT

cc:    All counsel of record